BLANCO, DEMANDANTE Y APELANTE, *v.* HERNÁNDEZ ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un caso de tercería de bienes inmuebles e *injunction.*

No. 1049.—Resuelto en julio 9, 1914.

DESESTIMACIÓN DE APELACIÓN—CERTIFICACIÓN INEFICAZ DE LA TRANSCRIPCIÓN DE AUTOS—INTERPRETACIÓN DE LA PALABRA "ABOGADOS."—La palabra "abogados" usada en el artículo 302 del Código de Enjuiciamiento Civil, comprende los abogados de todas las partes que intervienen en el pleito o procedimiento en el cual se ha establecido el recurso de apelación, y por tanto es ineficaz la certificación de la transcripción de autos autorizada por el abogado de la parte apelante y por la parte apelada en persona y debe desestimarse la apelación.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. José Benet.*

El apelado Agustín Hernández Mena compareció en nombre propio.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto por la parte demandante en un pleito sobre tercería de dominio. Archivada la demanda, el demandado la excepcionó primero y luego la contestó; y celebrada la vista, la corte, el 21 de agosto de 1913, dictó sentencia declarando sin lugar la demanda.

En su alegato la parte demandada y apelada solicita la desestimación del recurso, basándose en que la certificación de la transcripción de los autos elevada a esta Corte Suprema, no ha sido autorizada ni por el secretario de la corte sentenciadora, ni por los abogados de ambas partes.

Examinada la transcripción, aparece en efecto que solo está autorizada por el abogado de la demandante y apelante y por el demandado y apelado, pero no por su abogado. Al final de la transcripción existe una nota puesta por el abogado de la apelante en la cual se hace constar que el demandado no tiene abogado. Dicha nota carece de importancia porque, en primer lugar, no es al abogado sino al secretario de la corte al funcionario a quien correspondería hacer constar el hecho consignado en la misma, y, en segundo lugar, porque de la exposición del caso preparada y certificada por el abogado de la apelante resulta que el demandado fué representado en el acto de la vista por su abogado el Sr. José Sabater. Queda, pues, en pie el hecho de que, en realidad de verdad, la transcripción de los autos no ha sido certificada ni por el secretario de la corte sentenciadora, ni por los abogados de ambas partes.

El artículo 302 del Código de Enjuiciamiento Civil exige que las copias que se eleven a esta Corte Suprema en casos de apelación ''deberán llevar la certificación de ser exactas, autorizada por secretario o por los abogados.'' Y esta Corte Suprema desde el año de 1910, en el caso de *The American R. R. Co. of P. R.* v. *Corte Municipal,* 16 D. P. R., 239, interpretando el citado artículo, estableció la doctrina de que la

palabra "abogados" usada en el mismo, comprende a los abogados de todas las partes que intervienen en el pleito o procedimiento en el cual se ha establecido el recurso de apelación.

Siendo ello así, opinamos que debe declararse con lugar la pretensión del apelado. Y al opinar del tal modo, deseamos hacer constar, además, que hemos examinado todas las cuestiones envueltas en el recurso y que de entrar a considerarlas en su fondo, habríamos siempre de confirmar la sentencia apelada.

Debe desestimarse el recurso.

· *Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.

Presentada moción de reconsideración fué ésta denegada por resolución de julio 18, 1914, sin opinión.